[No. 9918.   Department Two.   March 4, 1912.]

A. B. PARKER, *Respondent*, v. MINNESOTA LINSEED OIL PAINT COMPANY, *Appellant.*[1]

APPEAL—REVIEW—VERDICT.   The verdict of a jury upon conflicting evidence, submitted under proper instructions, will not be disturbed on appeal, where there is substantial evidence to support it.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 28, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

[1]Reported in 121 Pac. 824.

*A. D. McLaren,* for appellant.

*R. M. Webster* and *Fred M. Williams,* for respondent.

Morris, J.—In this action respondent sought to recover $15,000, which he claimed to be due him under a contract with appellant whereby, from July 15, 1906, until December 31, 1909, he acted as manager of appellant's business at Spokane. Appellant denied any indebtedness to respondent, and set up a counterclaim, seeking to recover $3,000 from respondent as general damages because of his negligent management of the business, and five items of special damages amounting to $263.03. These issues were, upon the trial, submitted to a jury, and a verdict returned in favor of respondent for $9,000. A new trial having been denied, the case is brought here on appeal.

The case is peculiar, inasmuch as no assignment of error is made based upon the admission or rejection of evidence, or any instruction given or refused; the two claims of error here urged being, insufficiency of the evidence to justify the verdict, and that the verdict is excessive. The failure to make other assignments of error is not due to any neglect of counsel, but arises from the fact that the case was well and cleanly tried by counsel, and was submitted by the court to the jury in clear and comprehensive instructions to which no possible objection could be taken. The assignments of error here made have necessitated a careful reading of the record and examination of the accounts; and while, as in most cases where the verdict is arrived at from a review of mutual accounts of several years' standing, it is difficult to determine what figures were used by the jury as the basis of its verdict, because it is impossible to tell from all these disputed items the ones the jury accepted and the ones it rejected; it is nevertheless evident that the verdict is well within the evidence. If the jury accepted all of respondent's contentions, and gave him the benefit of all the disputed items, a verdict for a larger sum than $9,000 would have

resulted. So that we cannot say the verdict is excessive, nor that the evidence is insufficient to sustain it.

It will not be necessary to cite authorities in support of the rule that, where the question is one of fact, and competent evidence is submitted to the jury under proper instructions, the verdict must stand. There must, of course, be a real conflict and substantial evidence to support the verdict. When these conditions exist, the weight of the evidence and the acceptance or rejection of facts must rest with the jury as the sole judge of the facts. In this case there was a real conflict between the parties, (1) as to what the original contract of employment was, and (2) whether there had been any modification or change in a meeting between the parties at Minneapolis in November, 1907. There was little or no dispute between the parties as to the items of account properly to be considered by the jury in arriving at the verdict, the main dispute being as to how these items should be credited and debited to the respective parties, and this must be largely determined by the conclusion as to what the contract was. So that we find substantial evidence to justify a verdict upon a real conflict, with no improper admissions or rejections of testimony, and with instructions clearly and aptly stating the law. Under such circumstances, there is nothing an appellate court can do. The verdict, being well supported by the evidence, must be accepted as the final arbitration of the rights of the parties litigant.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and ELLIS, JJ., concur.